UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLENE WALLER, | ) |
| Movant, | ) |
| v. | ) No. 4:04-CV-1220 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Charlene Waller to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. The United States has filed a response, and the issues are fully briefed.

Waller was charged with distributing heroin (Count I) and distributing in excess of five grams of cocaine base (Count II), both in violation of 21 U.S.C. §841(a)(1). On June 18, 2003, she pled guilty to Count II.

Contemporaneously with her guilty plea, Waller executed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations." In that document, Waller admitted that she sold 6.25 grams of heroin and 26.35 grams of cocaine base to an undercover police officer in June and July 2001. Waller further admitted that on each occasion she was accompanied by a minor child, and that following the second transaction she instructed the child to count the money she had received in exchange for the cocaine base.

Additionally, Waller and the government agreed to recommend that certain provisions of the United States Sentencing Guidelines be applied to determine her sentence. In particular, the parties recommended that U.S.S.G. § 3B1.4 (2002) be applied to increase Waller's base offense level by two levels because she used a person younger than 18 years old to commit the offense and, after additional adjustments, the parties recommended that Waller be assessed a total offense level of 27.

As part of the plea agreement, Waller waived her right to appeal any issue relating to the Court's determination of her total offense level or criminal history category and any sentence that did not result from a departure under Chapter 5 of the Guidelines. In exchange for Waller's guilty plea, the government agreed to dismiss Count I of the indictment and agreed not to prosecute Waller for possessing cocaine base in April 2003.

On September 5, 2003, Waller was sentence to a 90-month term of imprisonment to be followed by a 4-year period of supervised release. The sentence was based on the Court's determination that Waller's total offense level was 27 and her criminal history category was III.[1] There was no appeal of the judgment.

As her first claim for relief, Waller asserts that the Court illegally enhanced her sentence. Specifically, Waller contends that her sentence resulted from factual findings made by the Court,

---

[1] The guideline range for imprisonment was 87 to 108 months.

in violation of her rights to due process and to trial by jury. Waller cites <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), in support of this claim. As discussed above, Waller's sentence was based on the sentencing guidelines that she and the government recommended. Moreover, the only adverse adjustment that was applied to determine her total offense level was based on U.S.S.G. § 3B1.4. Because Waller admitted in her guilty plea that she had used a minor child to commit the offense, this adjustment was appropriate.

Waller's second claim is that she was denied effective assistance of counsel because her attorney (1) met with her only twice and was not adequately prepared, (2) knew that Waller did not understand "the full scope of her plea," (3) did not object to the sentencing enhancement, and (4) did not advise Waller of her right to appeal.

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that her attorney's performance fell below an objective standard of reasonableness and (2) that movant was prejudiced thereby. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The movant must show that her attorney's errors were so serious that they deprived her of her Sixth Amendment right to counsel and denied her the right to a fair trial. <u>Id</u>. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, she would not have pleaded guilty, but instead would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Waller alleges that her attorney met with her on only two occasions and that she was unprepared, but she does not show that she was prejudiced. Waller does not show how additional meetings would have been helpful nor does she describe any additional research or investigation that her attorney should have done.

During the change of plea proceeding, the Court thoroughly reviewed the plea agreement with Waller, and advised her fully of the consequences of pleading guilty. The same information was provided to Waller in the Plea Agreement, Guidelines Recommendations and Stipulations that she executed. Throughout the proceedings, Waller stated that she understood. Even though she alleges now that she didn't understand the full scope of her plea, she fails to specify any provision of the plea that was confusing to her or that she didn't comprehend.

In the plea document, Waller acknowledged that she had been advised of and that she understood her right to appeal, but that she wished to waive that right as part of the plea agreement. During the change of plea proceedings, Waller stated under oath that she understood the waiver. Thus, Waller cannot demonstrate that she was prejudiced by the alleged failure of her attorney to advise her of her right to appeal.

Finally, Waller was not prejudiced by her attorney's failure to object to the "enhanced" sentence. As discussed above, Waller stipulated to facts that supported the two-level increase in her offense level. Waller's counsel cannot be faulted for not making

4

a meritless objection.  <u>Rodriquez v. United States</u>, 17 F.3d 225, 226 (8th Cir. 1994).

For the foregoing reasons, the Court concludes that Waller is not entitled to the relief she seeks.  Accordingly,

**IT IS HEREBY ORDERED** that the motion of Charlene Waller to vacate, set aside, or correct sentence is **denied.**  The Court finds that the movant has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will not issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 30th day of December, 2005.